U.S. DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
FILED
MAY - 4 2011
IN OPEN COURT
JAMES W. McCORMACK, CLERK
BY: C/s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 4:10CR00188 SWW |
| ) | |
| STRODY DONTIE WILSON ) | |

**PLEA AGREEMENT**

The United States Attorney for the Eastern District of Arkansas, Christopher R. Thyer, by and through Anne E. Gardner, Assistant United States Attorney, and Strody Dontie Wilson, defendant, represented by the undersigned counsel, hereby agree to the following terms and conditions in connection with the above referenced proceedings.

1. **GUILTY PLEA**: The defendant agrees to waive indictment and plead guilty to a one count Superseding Information charging conspiracy to possess with intent to distribute at least 50 grams, but less than 500 grams of a mixture or substance containing methamphetamine, a violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B) and 846. Upon the Court's acceptance of the defendant's guilty plea, the government will move to dismiss the Second Superseding Indictment against the defendant. This is a Federal Rules of Criminal Procedure, Rule 11(c)(1)(B) plea agreement.

2. **ELEMENTS OF THE CRIME**: The parties agree the elements of the offense to which the defendant will plead guilty are:

*One*, in or before January 2009, two or more persons reached an agreement or came to an understanding to distribute methamphetamine;

*Two*, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

*Three*, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding

The defendant agrees that he is guilty of the offense charged and each of these elements is true.

3. **PENALTIES**:

   A. **STATUTORY PENALTIES**: The maximum penalty for the charge set forth in the Superseding Information is not less than 5 years, not more than 40 years imprisonment, a fine of $2,000,000 or both, four years supervised release, and a special assessment of $100.

   B. **SUPERVISED RELEASE**: Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, the defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4. **WAIVERS**:

A. The defendant acknowledges that he/she has been advised of and fully understands the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. The defendant further understands that by entering into this Agreement, he/she is waiving certain constitutional rights, including, without limitation, the following:

(a) The right to plead not guilty or to persist in that plea if it has already been made, and the right to a speedy and public trial before a jury;

(b) The right to be presumed innocent and to have the burden of proof placed on the United States to establish guilt beyond a reasonable doubt;

(c) The right to confront and cross examine witnesses;

(d) The right to testify in his/her own behalf if the defendant so chooses, or, the right to remain silent and not be compelled to testify, and to have that choice not used against the defendant;

(e) The right to call witnesses and to require those witnesses to appear by issuing subpoenas;

5. **STIPULATIONS**: The United States and the defendant stipulate to the following:

A. Under the United States Sentencing Guidelines, the base offense for the offense of conviction is determined by the

quantity of controlled substance involved in the offense. The parties agree that the quantity of methamphetamine actual involved was at least 50 grams, but less than 200 grams, rendering a base offense level of 26 under U.S.S.G. section 2D1.1.

B. The defendant is eligible for a 2 point reduction for acceptance of responsibility, as long as he does not act in a manner contrary to acceptance prior to sentencing, including drug use. If the defendant's plea is timely, the government will file for the third point reduction at sentencing.

C. The government agrees not to file for the sentencing enhancement under Title 21, United States Code, section 851, and will stipulate that the defendant did not possess any dangerous weapon in the offense.

D. Neither party shall seek any enhancements or reductions in sentence under U.S.S.G. sections 3B or 5K other than those specifically set out in this agreement and its addendum.

E. Neither party shall seek a variance from the recommended Guideline sentencing range at sentencing.

The parties understand that the Court is not bound by these stipulations. The defendant further understands that if the Court does not accept the stipulations, the defendant is not entitled to withdraw the guilty plea or otherwise be released from defendant's obligations under this Agreement.

6. **SENTENCING GUIDELINES**: It is specifically understood by the defendant that the Sentencing Guidelines are not mandatory, but

4

advisory, and that the Court is to consult them in determining the appropriate sentence. The defendant understands that the determination of the applicability of the Guidelines and of the appropriate sentence will be made by the Court. The defendant is aware that any estimate of the probable sentencing range under the Sentencing Guidelines that the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is merely a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. The United States makes no promise or representation concerning what sentence the defendant will receive and the defendant cannot withdraw a guilty plea, or otherwise avoid the defendant's obligations under this Agreement, based upon the actual sentence imposed by the Court. The parties understand and agree that if the guideline range is greater or less than the defendant or the United States expected it to be, and/or the sentence imposed by the Court is greater or lesser than anticipated, neither the defendant nor the United States will be allowed to withdraw, nor request withdrawal of, the guilty plea, nor be excused from any obligation under this Agreement.

7. **ALLOCUTION**: The United States reserves the right to bring any and all facts which it believes are appropriate to the attention of the Court.

8. **COOPERATION IN THE SENTENCING PROCESS**:

A. The defendant agrees to truthfully provide all information to the Probation Office as is needed for preparation of the pre-sentence report, including, but not limited to, criminal history information. The defendant shall voluntarily provide a complete and truthful written accounting of the defendant's criminal history to the Probation Office.

B. The defendant agrees to execute all waivers necessary for the preparation of the pre-sentence report.

C. The defendant understands and acknowledges that the defendant's obligation of disclosure regarding criminal history is not limited to arrests and convictions reported in computer databases, but requires the defendant to disclose all arrests and/or convictions, including any juvenile matters, regardless of whether the defendant believes the arrest/conviction counts under the Sentencing Guidelines.

D. The defendant is required to comply with these obligations no later than the expiration of the date on which objections to the pre-sentence report are due.

9. **FINANCIAL MATTERS**:

A. **FINANCIAL STATEMENT**: The defendant agrees to fully and truthfully complete a Financial Statement provided by the United States Probation Office.

B. **FINES**: The defendant understands that unless the Court determines that the defendant is financially unable to pay a fine,

the Court must impose a fine pursuant to the Sentencing Reform Act of 1984.

C. **SPECIAL PENALTY ASSESSMENT**: The defendant agrees to pay to the United States a special assessment of $100.00 per count, as required by Title 18, United States Code, Section 3013. This special assessment is to be paid by bank cashier's check or money order as directed by the Court. Cashier's checks or money orders should be made payable to "Clerk, United States District Court".

10. **DOUBLE JEOPARDY AND SUCCESSIVE PROSECUTION**: The United States Attorney for the Eastern District of Arkansas will bring no further charges against the defendant for any acts or conduct arising out of the events described in the Indictment, which is the subject of this action, unless the Defendant breaches this Agreement.

11. **RECORDS**: The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U. S. C. Section 552, or the Privacy Act of 1974, 5 U. S. C. Section 552a.

12. **CIVIL CLAIMS BY THE GOVERNMENT**: Except to the extent otherwise expressly specified herein, this Agreement does not bar or compromise any civil or administrative claim pending or that may

be made against the defendant, including but not limited to tax matters.

13. **EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT**:

A.  Defendant acknowledges and understands that if the defendant violates any term of this Agreement, engages in any further criminal activity prior to sentencing, or fails to appear for any subsequent proceeding including sentencing, the United States shall have, in addition to all other rights and remedies otherwise available, the right to:

(1)  terminate this Agreement; or

(2)  proceed with this Agreement and

(a) deny any and all benefits to which the defendant would otherwise be entitled under the terms of this Agreement; and/or

(b) advocate for any sentencing enhancement that may be appropriate.

B.  In the event the United States elects to terminate this Agreement, the United States shall be released from any and all obligations hereunder.  The defendant acknowledges and understands that the agreement of the United States to dismiss any charge is conditioned upon final resolution of this matter.  If this Agreement is terminated or if the defendant's conviction ultimately is overturned, then the United States retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this Agreement.

C. The defendant hereby knowingly and voluntarily waives any defense based upon the applicable statute of limitations and/or the Speedy Trial Act, for any charges reinstated or otherwise filed against the defendant as a result of defendant's breach of this Agreement, so long as the United States initiates any otherwise time barred action within one year of termination or revocation of this Agreement.

D. In the event that the Agreement is terminated or if the defendant successfully moves to withdraw his/her plea, any statement made by the defendant in negotiation of, or in reliance on this Agreement:

(1) may be used to cross examine the defendant should he/she testify in any subsequent proceeding; and/or

(2) any leads derived therefrom may be used by the United States.

The defendant waives any and all rights to the contrary and shall assert no claim under the United States Constitution, any statute, or any rule of procedure or evidence to the contrary.

14. **PARTIES**: This Agreement is binding only upon the United States Attorney's Office for the Eastern District of Arkansas and the defendant. It does not bind any United States Attorney outside the Eastern District of Arkansas, nor does it bind any other federal, state or local prosecuting, administrative, or regulatory authority.

15. **MISCELLANEOUS**:

A. <u>Modification:</u> No term or provision contained herein may be modified, amended or waived except by express written agreement signed by the party to be bound thereby.

B. <u>Waiver:</u> No waiver of a breach of any term or provision of this Agreement shall operate or be construed as a waiver of any subsequent breach or limit or restrict any other right or remedy otherwise available. Any waiver must be expressly stated in writing signed by the party to be bound thereby.

C. <u>Rights and Remedies Cumulative:</u> The rights and remedies of the United States expressed herein upon any breach hereunder by the defendant are cumulative and not exclusive of any rights and remedies otherwise available to the United States in the event of any breach of this Agreement by defendant.

D. <u>Joint Negotiation:</u> This Agreement has been mutually negotiated by the parties hereto, and any uncertainty or ambiguity existing herein shall not be interpreted against any party by reason of its drafting of this Agreement, but instead shall be interpreted according to the application of the general rules of interpretation for arms length agreements.

16. **NO OTHER TERMS:**

This document completely reflects all promises, agreements and conditions made between the parties, constitutes the entire agreement between the parties and supersedes any and all prior agreements or understandings between the parties, oral or written, with respect to the subject matter hereof.

17. **APPROVALS AND SIGNATURES**:

A. **DEFENDANT**: The Defendant has read this Agreement and carefully reviewed every part of it with his attorney. The defendant understands and voluntarily agrees to the terms and condition of this Agreement. Further, the defendant has consulted with his attorney and fully understands his rights with respect to the provisions of the United States Sentencing Guidelines which may apply to this case. No other promises or inducements have been made to the defendant, other than those expressly contained in this Agreement. In addition, no one has threatened or forced the defendant in any way to enter into this Agreement. Defendant further acknowledges that defendant has entered into this Agreement, consciously and deliberately, by defendant's free choice, and without duress, undue influence or otherwise being forced or compelled to do so, and this Agreement constitutes the legal, valid and binding obligation of the defendant, fully enforceable against defendant in accordance with its terms. Finally, the defendant is satisfied with the representation of his attorney in this case.

B. **DEFENSE COUNSEL**: Defense counsel acknowledges that she is the attorney for the defendant, and that she has fully and carefully discussed every part of this Agreement with the defendant. Further, defense counsel has fully and carefully advised the defendant of the defendant's rights, of possible defenses, and of the consequences of entering into this Agreement,

including the possible consequences of not complying with this Agreement. To counsel's knowledge, the defendant's decision to enter into this Agreement is an informed and voluntary decision.

DATED this 4th day of May, 2011.

CHRISTOPHER R. THYER
United States Attorney

By: ANNE E. GARDNER
Assistant United States Attorney
Post Office Box 1229
Little Rock, Arkansas 72203
501/340-2600

STRODY DONTIE WILSON
DEFENDANT

SARA MERRITT
ATTORNEY FOR DEFENDANT